UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MOHAMMAD NAJIM AMINI,
#066719116,

Petitioner,

v. CIVIL ACTION NO. 2:26cv319

PAUL PERRY,
Caroline Detention Facility,
*et al.*,

Respondents.

## REPORT & RECOMMENDATION

This matter was initiated by Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by pro se Petitioner Mohammad Najim Amini ("Petitioner" or "Amini"). Pet. (ECF No. 1). Amini is an immigration detainee currently being housed at Caroline Detention Facility. Id. at 1. His Petition alleges he is unlawfully subject to immigration detention awaiting removal and seeks release from custody on the grounds that his removal to Afghanistan is not reasonably foreseeable. Id. at 6. For the reasons explained by this court in its September 1, 2026 Memorandum and Order to Show Cause ("Show Cause Order"), (ECF No. 11), and reiterated below, the undersigned recommends that the court GRANT Petitioner's § 2241 motion, (ECF No. 1).

## I. FACTUAL AND PROCEDURAL HISTORY

On September 1, 2026, this court entered a Show Cause Order outlining the factual and procedural history of this case. (ECF No. 11, at 1-9). To recap, Amini is a native and citizen of Afghanistan who was admitted to the United States as a lawful Permanent Resident under the Special Immigrant Visa Program on March 27, 2019. Id. at 1-2. In April 2022, Amini was convicted of Fourth Degree Child Sexual Abuse in the District of Columbia and sentenced to six months of incarceration with three years of supervised probation and required to register online as a sex offender. Id. at 3. In June 2025, the Government initiated removal proceedings based on that conviction. Id. On July 9, 2025, following a bond hearing before an Immigration Judge, Amini was denied bond as a danger to the community. Id. On September 17, 2025, following Amini's unsuccessful application for asylum and withholding of removal, an Immigration Judge issued his removal order.[1] Id. at 4. Since then, Amini remains in DHS custody pending his removal to Afghanistan. Id. at 4-5. Amini has cooperated with the Government to effectuate his removal by

[1] Amini waived his right to appeal the Order of Removal, rendering it final as of September 17, 2025. Show Cause Order (ECF No. 11, at 4); see 8 C.F.R. §§ 1003.38, 1241.1(c).

attempting to contact his home country and by providing his Afghan passports and ID. Id. at 6.

On March 30, 2026, approximately six months after his final removal order, Amini filed his § 2241 Petition. Pet. (ECF No. 1). Respondents moved to dismiss the Petition, asserting that Amini's detention is mandatory and lawful under 8 U.S.C. § 1231 pending his removal to Afghanistan, Fed. Respt.'s Opp'n to Pet. ("Respt.'s Opp'n") (ECF No. 8, at 2). The motion included a declaration from U.S. Immigration and Customs Enforcement ("ICE") Field Director Charles Byrne outlining the Government's efforts to secure removal and the results of periodic post-order reviews of Amini's continued detention. Byrne Decl. (ECF No. 8-1, at 2-4. Amini subsequently filed a detailed substantive response. (ECF No. 10).

After reviewing Respondents' motion and Amini's submissions, this court concluded that—absent an update on actual or expected progress toward removal from the Government—Amini's proffer was sufficient to demonstrate no significant likelihood of removal to Afghanistan in the reasonably foreseeable future. Id. This court expressly provided Respondents with an opportunity to provide that update and respond to Amini's factual allegations. (ECF No. 11). Respondents responded to the Court's Order, but

did not present any new facts or argument relevant to prior, ongoing, or even likely future removal efforts. See Resp't's Response to Court's September 1, 2026 Order (ECF No. 12). The Byrne Declaration, dated May 28, 2026, remains the Government's most recent update on its efforts to secure Amini's removal to Afghanistan. Apart from post-order custody reviews, the last documented effort to effect Amini's removal was a letter requesting travel documents dated November 3, 2025. Byrne Decl. ¶ 16.

## II. DISCUSSION

For the reasons explained in greater detail in the court's Show Cause Order, which are reinforced by Respondents' continued reliance on their prior briefing, (ECF No. 12), Amini has carried his burden to show that his "removal is no longer reasonably foreseeable" such that his continued detention violates due process. Zadvydas v. Davis, 533 U.S. 678, 702 (2001); see Castaneda v. Perry, 95 F.4th 750, 760 (4th Cir. 2024) ("[T]he Zadvydas standard is due process."); Cruz v. Hott, No. 2:26cv234, ECF No. 22, at 3 (E.D. Va. May 5, 2026). Importantly, as of the date of this Report and Recommendation, DHS has been, or should have been, pursuing removal efforts to Afghanistan or third-country alternatives for nearly a year, yet Respondents report no progress toward removing Amini and no

ongoing negotiations with Afghanistan or other countries. See Cruz, ECF No. 22, at 4. Nor has the Government even attempted to demonstrate "a likelihood of successful future negotiations" with regard to Amini's removal. Zadvydas, 533 U.S. at 702; see Nawabi v. Trump, No. 25-3831, 2026 WL 1584489, at *11 (D. Md. June 3, 2026) (concluding due process required the petitioner's release where the Government failed to secure travel documents for an Afghan national for over six months without satisfactorily rebutting evidence that removal was not reasonably foreseeable). As previously stated by this court, the Government's initial removal efforts and periodic custody reviews may have been adequate to meet the requirements of due process under Zadvydas as of the date of the Byrne Declaration in May 2026. Show Cause Order (ECF No. 11, at 8). But now, Amini has remained in immigration custody for over a year[2], and the Government has provided no additional updates within the last five months. By failing to provide such updates and its reliance on previous conclusory statements, the Government has failed to rebut Amini's showing that there is no significant likelihood of his

[2] The court is mindful of the serious criminal conviction which preceded removal, but Amini's guilty plea to Fourth Degree Sexual Abuse happened in 2022, and he had fully completed his six-month period of incarceration as punishment for that offense when he was taken into ICE custody in 2025. See Byrne Decl. ¶¶ 8-10 (ECF No. 8-1).

removal to Afghanistan in the reasonably foreseeable future. See id. at 9; Castenada v. Perry, 95 F.4th 750, 756 (2024); Nawabi, 2026 WL 1584489, at *11.

## III. CONCLUSION

Because Respondents failed to show cause why Amini's motion should not be granted, and for the reasons stated above and in this court's Show Cause Order, I recommend Petitioner's § 2241 motion, (ECF No. 1), should be GRANTED. Though Amini's continued detention violates due process, there remains a need to protect the public. Accordingly, Petitioner should be RELEASED from custody under the terms of supervision set forth by DHS.[3]

## IV. REVIEW PROCEDURES

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil

[3] Nothing in this Report and Recommendation purports to recommend the appropriate conditions of supervision, which may be determined by DHS in the first instance.

Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

September 15, 2026

Newport News, Virginia

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

**Mohammad Najim Amini**
**066719116**
**Caroline Detention Facility**
**P.O. Box 1460**
**Bowling Green, VA 22427**

and an electronic copy was provided to:

**John Eliot Beerbower**
**DOJ-USAO**
**2100 Jamieson Avenue**
**Alexandria, VA 22314**

Laura G. Griffin, Clerk

By /s/ J.L. Meyers
Deputy Clerk

September 15, 2026